PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

JOHN WALDEN,

        Plaintiff,

   -v-                                        20-CV-6679-FPG
                                                 ORDER

JULIE WOLCOTT, Orleans Correctional
Facility,

        Defendants.
─────────────────────────────────────

      Petitioner, John Walden, moves for reconsideration of this Court's Order (ECF No. 5, "Transfer Order") which transferred the Petition (ECF No. 1) to the District Court for the Southern District of New York. ECF No. 6. For the reasons below, Plaintiff's Motion for Reconsideration is DENIED.

      The Petition alleged in substance that the prior Petition for a writ of habeas corpus under 28 U.S.C. § 2254 was wrongly decided due to misconduct by the respondent in that case. This Court transferred the Petition to the Southern District, noting that all records relating to the underlying conviction as well as the documents relating to the claims regarding the prior decision under § 2254 were in the Southern District. ECF No. 3. Petitioner now contends that this action does not challenge the underlying conviction,[1] and that venue lies in this Court because Petitioner is incarcerated in this District.

---

[1] While Petitioner claims that this action does not attack his conviction, the Petition alleges, *inter alia*, that Petitioner was improperly arrested in Harlem (ECF No. 1 at 2), not properly indicted in the courts of New York City (*Id.* at 3), permitted to enter a plea of guilty in New York City despite the absence of a felony complaint filed in that court (*Id.* at 4), that he was the victim of "manufactured grand jury minutes" (*Id.* at 5), held unlawfully in New York City jails for thirty-four months (*Id.* at 6), denied the opportunity to "withdraw a plea deal that did not did not exist," represented by an attorney who filed a "manufactured motion" purportedly on Petitioner's behalf. *Id.* at 8. The gravamen of the Petition is that the prior application for relief under § 2254 was wrongly decided due to misconduct by Respondent in that case.

1

Petitioner moves for reconsideration, arguing that this matter should not have been transferred to the Southern District.  ECF No. 6 at 1-2.  The Court construes Petitioner's Motion as one under Fed. R. Civ. P. 60(a), which permits a court to correct an error, or Fed. R. Civ. P. 60(b) which permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding due to "(1) mistake, inadvertence, surprise, or excusable neglect . . . (6) any other reason that justifies relief."  Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Amerisure Ins. Co. v. Laserage Tech. Corp.*, No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)).

Petitioner alleges that the prior Order was erroneous because he has not challenged his conviction and because he is located in this District.  Petitioner does not challenge or otherwise address the finding that all of the relevant records are located in the Southern District both with regard to the underlying conviction and with regard to the alleged misconduct in addressing his application under § 2254.  Upon careful consideration of Petitioner's motion, this Court finds no cause to revisit its previous Order. Petitioner has not persuasively demonstrated any of the circumstances under which reconsideration may be warranted. *See Virgin Atl. Airways*, 956 F.2d at 1255.

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration (ECF No. 6) is DENIED.  The Court will immediately transfer this case to the Southern District of New York.

FURTHER, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor

person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: October 21, 2020
       Rochester, New York

                                    _____
                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court